United States District Court
Southern District of Texas

**ENTERED**
June 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MADIER USMONOV | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-660 |
| | § | |
| MARIO GARCIA[1] *et al.* | § | |

**ORDER**

### A. Motion for Leave

Before the Court is Petitioner's Response to Order to Show Cause and Motion for Leave to File Corrected Petition (Dkt. No. 5). At the onset of this proceeding, Petitioner failed to file his Petition, and instead, filed a declaration in support of a purported writ (Dkt. No. 1). In his response, Petitioner concedes his initial filing was defective, but he has since cured his error by filing the verified petition (Dkt. Nos. 5 at 2; 5-1). The Court finds the Petition attached to Petitioner's motion satisfies the form of the applicable habeas rules. Rules Governing Section 2254 Cases, Rule 2; *see also* Rules Governing Section 2254 Cases, Rule 1(b) (§ 2254 rules apply to 28 U.S.C. § 2241 cases).

Accordingly, the Court **GRANTS** Petitioner's motion for leave (Dkt. No. 5). The Clerk of Court is **DIRECTED** to file Petitioner's Verified Petition for a Writ of Habeas Corpus (Dkt. No. 5-1).

### B. Order for Response

Having reviewed the pleading and given the complexity of the claims, the Court hereby **ORDERS** Respondents to file a response and serve it on Petitioner within **ten**

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), David Venturella is automatically substituted for Respondent Todd Lyons in this case. The Clerk of Court is **DIRECTED** to substitute this party on the docket sheet.

1

**(10) days** of the date of service by the Clerk of Court.[2] The responsive pleading **must** specifically address whether this Court has jurisdiction to entertain this Petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). **Given the time-sensitive nature of Petitioner's claims, no extensions will be granted**.

It is further **ORDERED** that if Petitioner elects to file a reply, he may do so no later than **five (5) days** after Respondents file their respective answers or responses. *See* Rule 5(e) of the Rules Governing Section 2254 Proceedings.

Pursuant to the Memorandum of Understanding dated January 29, 2026, the Court **FOREGOES** mail service. The Clerk of Court is **DIRECTED** to electronically serve the Petition for Writ of Habeas Corpus (Dkt. No. 5-1), and this Order on the Southern District of Texas's Civil Chief Daniel Hu at USATXS.CivilNotice@usdoj.gov.

Such service does not substitute for the requirements of formal service but is instead intended only to provide Respondents notice and an opportunity to be heard at this initial juncture. Petitioner is directed to serve Respondents in accordance with Rule 4(i) of the Federal Rules of Civil Procedure and include a copy of this Order with that service.

To preserve the status quo while the Court considers this matter, Respondents are **ORDERED** to notify Petitioner's counsel and the Court of any anticipated or planned transfer of Petitioner outside the Southern District of Texas, Laredo Division, or any planned removal of him from the United States, at least five (5) days before any such transfer or removal.

---

[2] Any deadlines set forth in a civil summons issued by the Clerk of Court are superseded by the deadlines set forth in this Order.

Finally, Respondents will not be served further notice of activity on this docket. Instead, they must arrange to monitor the docket themselves, either by automatic electronic service or otherwise.

It is so **ORDERED**.

**SIGNED** June 5, 2026.

Marina Garcia Marmolejo
United States District Judge